22-6094
*Vazquez-Salguero v. Garland*

BIA
Hochul, IJ
A209 144 564/565

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-four.

PRESENT:

> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

—————————————————————————

LUCAS WILFREDO VAZQUEZ-SALGUERO, BLANCA VAZQUEZ-MELENDEZ,

> *Petitioners*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

No. 22-6094
NAC

—————————————————————————

**FOR PETITIONER:** Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Lucas Wilfredo Vazquez-Salguero and Blanca Vazquez-Melendez, natives and citizens of Guatemala, seek review of a January 27, 2022 decision of the BIA affirming a March 14, 2019 decision of an Immigration Judge ("IJ"), which denied Vazquez-Salguero's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Lucas Wilfredo Vazquez-Salguero and Blanca Vazquez-Melendez*, Nos. A 209 144 564/565 (B.I.A. Jan 27, 2022), *aff'g* Nos. A 209 144 564/565 (Immigr. Ct. Buffalo March 14, 2019).  We assume the parties' familiarity with the underlying facts and

---

[1] Vazquez-Melendez is a derivative applicant for asylum on Vazquez-Salguero's application.

2

procedural history.

We review the IJ's decision as modified by the BIA, which did not reach the IJ's determination that Vazquez-Salguero's asylum claim was time-barred. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

An applicant for asylum and withholding of removal bears the burden of establishing that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). Thus, to qualify for asylum and withholding, an applicant must prove "a sufficiently strong nexus" between the suffered or feared harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100

(2d Cir. 2010). To make this showing, an applicant "must provide *some* evidence of [his persecutor's motives], direct or circumstantial." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (internal quotation marks omitted)).

Here, substantial evidence supports the agency's determination that Vazquez-Salguero failed to establish that the harms he suffered were on account of his proposed particular social group – that is, "Guatemalan men who fear gang violence given the targeting of their family members." Certified Admin. Record at 3–4, 60, 160; *see Gjolaj v. Bureau of Citizenship & Immigr. Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (applying substantial evidence standard to nexus determination).[2] Before the IJ, Vazquez-Salguero testified that in 2010, unknown individuals called his family members in Guatemala and threatened to kill them if they did not pay money, and that in 2015, while attempting to travel to the United States, he was kidnapped in Mexico and extorted for ransom money. But Vazquez-Salguero

---

[2] Vazquez-Salguero abandoned his claim that he was targeted based on an "actual or imputed anti-gang political opinion" by failing to include any arguments regarding this protected ground in his appellate brief. *See* Certified Admin. Record at 4, 61; *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

offered no evidence that these incidents were connected. Nor, as the agency reasonably concluded, did he present any evidence that the unknown individuals in Guatemala were gang members, or that they targeted him or his family for any reason other than monetary gain. Threats of harm resulting from "general crime conditions," or motivated by ordinary criminal incentives, do not constitute persecution on account of a protected ground. *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 202 (2d Cir. 2021) (internal quotation marks omitted); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (concluding substantial evidence supported agency's finding that "[claimant] was [primarily] targeted for extortion and kidnapping based on her perceived ability to pay," not her family ties); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73–74 (2d Cir. 2007) (upholding denial of social-group claim where no evidence that purported gang member persecutors had any motives besides increasing their own wealth). On this record, we cannot say that the agency erred in finding that Vazquez-Salguero failed to show a nexus between the alleged harm and a protected ground and thus did not establish eligibility for asylum and withholding of removal.

## II.     CAT Relief

Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground. *See* 8 C.F.R. § 1208.16(c); *id.* § 1208.17(a). Instead, a CAT applicant has the burden to establish that he is "more likely than not" to be tortured by or with the acquiescence of government officials. *Id.* § 1208.16(c)(2); *id.* § 1208.18(a)(1). Acquiescence requires "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Substantial evidence likewise supports the agency's denial of CAT relief. While Vazquez-Salguero testified generally that the Guatemalan police are corrupt, are allied with criminals, and do not respond to victims, he offered no evidence that government officials participated in, or were even aware of, any past threats of harm to him or his family. Moreover, the IJ considered the country conditions evidence, finding that, while these materials indicated "high levels of criminal activity including gang-related violence," they "also note[d]" the Guatemalan government's "robust efforts to combat those criminal activities." Certified Admin. Record at 64. The record therefore does not compel the finding that Vazquez-Salguero is likely to be tortured with government acquiescence. *See*

6

*Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021); *see also Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a claim for CAT relief); *Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

7